IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

CASE NO. 3:13-cv-00099-MJR-DGW

HOPE BOWSHER,

    Plaintiff,

v.

AUDUBON FINANCIAL BUREAU, LLC
and ADAM D. MARCH, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4.    Plaintiff Hope Bowsher ("Plaintiff") is a natural person who at all relevant times resided in the State of Illinois, County of Franklin, and City of West Frankfort.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Audubon Financial Bureau, LLC ("Audubon") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Audubon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Adam D. March ("Mr. March") is an individual who is an owner of Audubon, and at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Upon information and good-faith belief, as an owner of Audubon, Mr. March was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

10. Upon information and good-faith belief, as an owner of Audubon, Mr. March was personally involved in the collection of Plaintiff's debt.

11. Upon information and good-faith belief, as an owner of Audubon, Mr. March was materially involved in the collection of Plaintiff's debt.

12. Upon information and good-faith belief, as an owner of Audubon, Mr. March materially participated in Audubon's debt collection activities.

13. Upon information and good-faith belief, as an owner of Audubon, Mr. March was involved in the day-to-day operations of Audubon's debt collection business.

14. Upon information and good-faith belief, as an owner of Audubon, Mr. March exercised control over the affairs of Audubon's debt collection business.

15. Upon information and good-faith belief, Mr. March created or approved the script used by Audubon's debt collector employees in leaving messages for consumers.

16. Mr. March is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Audubon.

18. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Audubon, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19. Audubon uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In connection with the collection of an alleged debt in default (the "Debt"), Audubon placed a call to Plaintiff's cellular telephone on December 7, 2012 at 2:00 P.M., and at that time, left the following pre-recorded voicemail message:

> Our office has been asked to speak with Hope Bowsher. We are requesting to speak with you so all parties to sign within the complaint can be made aware of the issue at hand. A timely response is crucial to the outcome of this issue. One of our senior advisors will gladly assist you at this time by pressing one on your touch tone dial. We can also be reached directly by calling 1-866-595-2541. Once again, the number to be reached is 1-866-595-2541. This is an attempt to collect a debt and any or all information obtained will be used for that purpose.

21. In connection with the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone on December 31, 2012 at 1:56 P.M., and at that time, left the following pre-recorded voicemail message:

> Our office has been asked to speak with Hope Bowsher. We are requesting to speak with you so all parties to sign within the complaint can be made aware of the issue at hand. A timely response is crucial to the outcome of this issue. One of our senior

3

>advisors will gladly assist you at this time by pressing one on your touch tone dial.  We can also be reached directly by calling 1-866-595-2541.  Once again, the number to be reached is 1-866-595-2541.  This is an attempt to collect a debt and any or all information obtained will be used for that purpose.

22. Audubon placed a call to Plaintiff's cellular telephone on January 3, 2013 at 1:51 P.M., and at that time, left the following pre-recorded voicemail message:

>Our office has been asked to speak with Hope Bowsher.  We are requesting to speak with you so all parties to sign within the complaint can be made aware of the issue at hand.  A timely response is crucial to the outcome of this issue.  One of our senior advisors will gladly assist you at this time by pressing one on your touch tone dial.  We can also be reached directly by calling 1-866-595-2541.  Once again, the number to be reached is 1-866-595-2541.  This is an attempt to collect a debt and any or all information obtained will be used for that purpose.

23. Audubon placed a call to Plaintiff's cellular telephone on January 7, 2013 at 10:30 A.M., and at that time, left the following pre-recorded voicemail message:

>Our office has been asked to speak with Hope Bowsher.  We are requesting to speak with you so all parties to sign within the complaint can be made aware of the issue at hand.  A timely response is crucial to the outcome of this issue.  One of our senior advisors will gladly assist you at this time by pressing one on your touch tone dial.  We can also be reached directly by calling 1-866-595-2541.  Once again, the number to be reached is 1-866-595-2541.  This is an attempt to collect a debt and any or all information obtained will be used for that purpose.

24. Audubon failed to disclose its true corporate and/or business name in its December 7, 2012, December 31, 2012, January 3, 2013, and January 7, 2013 voicemail messages.

25. By failing to disclose its true corporate and/or business name in its December 7, 2012, December 31, 2012, January 3, 2013, and January 7, 2013 voicemail messages, Audubon failed to meaningfully disclose its identity to Plaintiff.

26. In its December 7, 2012, December 31, 2012, January 3, 2013, and January 7, 2013 voicemail messages, Audubon falsely represented the legal status of Plaintiff's Debt by stating that Audubon needed to speak with Plaintiff regarding a "complaint," when upon information and good-faith belief, there was no such complaint against Plaintiff.

27. Upon information and good-faith belief, it was not "crucial" that Plaintiff returned Audubon's calls, as Audubon was placing routine collection calls, which continued over the course of a few weeks.

28. Further, in its December 7, 2012, December 31, 2012, January 3, 2013, and January 7, 2013 voicemail messages, Audubon conveyed a false sense of urgency to Plaintiff for the purpose of compelling Plaintiff to communicate with Audubon.

29. In its December 7, 2012, December 31, 2012, January 3, 2013, and January 7, 2013 voicemail messages, Audubon delivered a voicemail message to Plaintiff's cellular telephone using an artificial or pre-recorded voice.

30. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone using an automatic telephone dialing system.

31. Audubon did not place any telephone calls to Plaintiff for emergency purposes.

32. Audubon did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

33. Upon information and good-faith belief, Audubon placed the telephone calls to Plaintiff identified above voluntarily.

34. Upon information and good-faith belief, Audubon placed the telephone calls to Plaintiff identified above under its own free will.

35. Upon information and good-faith belief, Audubon had knowledge that it was using an automatic telephone dialing system to make and/or place the telephone calls identified above.

36. Upon information and good-faith belief, Audubon intended to use an automatic telephone dialing system to make and/or place the telephone calls identified above.

37. Upon information and good-faith belief, Audubon maintains business records that show all calls Audubon placed to Plaintiff's cellular telephone.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)
## AUDUBON

38. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

39. Audubon violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)
## MR. MARCH

40. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

41. Audubon violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

42. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## AUDUBON

43. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

44. Audubon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MR. MARCH

45. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

46. Audubon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

47. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)
## AUDUBON

48. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

49. Audubon violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt; and conveying a false

sense of urgency in attempting to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MR. MARCH

50. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

51. Audubon violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

52. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## AUDUBON

53. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

54. Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Audubon from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### MR. MARCH

55. Plaintiff incorporates herein by reference Paragraphs 1 through 37 of this Complaint as if restated in their entirety.

56. Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

57. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Audubon from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted, this 1st day of February, 2013.

        Respectfully submitted,
        **HOPE BOWSHER**

        By:/s/Alex D. Weisberg
        ALEX D. WEISBERG
        Illinois Bar No. 6271510
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com